

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/04/2013

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 12-39045 |
| TANISHA SHELVIN | § § | CHAPTER 13 |
| Debtor(s). | § § | DAVID R. JONES |
| | § | |
| TANISHA SHELVIN | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 13-03004 |
| TEDERAL JEFFERSON; dba COME AS YOU ARE COMMUNITY DEVELOPMENT; dba CAYA DEFENSE NETWORK, *et al* | § § § § § § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

In this adversary proceeding, Tanisha Shelvin seeks monetary damages against Tederal Jefferson for multiple violations of 11 U.S.C. § 110. After conducting a trial on the merits and for the reasons set forth below, the Court finds that Ms. Shelvin is entitled to relief. A separate judgment consistent with this opinion will issue.

### Factual Background

In 2012, Ms. Shelvin fell behind in her mortgage payments. In an effort to save her home from foreclosure, Ms. Shelvin responded to an advertisement by the CAYA Defense Network ("CAYA"). CAYA is a Dallas-based operation controlled by Mr. Jefferson that represents itself as a provider of "educational services." CAYA's marketing slogan states that "[w]e use the law to educate!" According to Mr. Jefferson, CAYA does not provide legal services but instead "empowers its clients by helping the clients educate themselves in foreclosure and securitization." CAYA's marketing information provides, in part, as follows:

> CAYA Defense Network can help you to improve your mortgage situation, even reduce the mortgage balance faster, or even possibly win a settlement to the massive mortgage fraud.
>
> . . .

> We are experts in fighting foreclosure, so we can work effectively to stop or stall your foreclosure.
>
> . . .
>
> Fight to force a Principal Reduction or Elimination of the Mortgage – using special administrative letters and some legal action – the cases are piling up Nationwide. This is happening now.

[*Plaintiff Exhibit 3*].

On November 30, 2012, Ms. Shelvin went to CAYA's Houston offices located at 2500 Wilcrest Drive, Suite 300, Houston, Texas 77042. Ms. Shelvin testified that when she arrived at CAYA's offices, she met Mr. Jefferson, Shanika Jackson[1] and Jervis Williams. Mr. Jefferson and Mr. Williams introduced themselves as the owners of CAYA. Ms. Jackson was introduced as a "project manager" for CAYA.

Ms. Shelvin further testified that there were three prospective clients in CAYA's offices when she arrived. Mr. Jefferson proceeded to give the four prospective clients a three-hour seminar on the legal aspects of home mortgages and applicable laws. Ms. Shelvin understood Mr. Jefferson to be an attorney. Mr. Jefferson asserts that he never told Ms. Shelvin that he was an attorney. It is undisputed that Mr. Jefferson never disclosed that he was not an attorney and could not provide legal advice.

Immediately after the seminar, Ms. Shelvin discussed her pending foreclosure with Mr. Jefferson. Ms. Shelvin testified that Mr. Jefferson agreed to prepare two Qualified Written Request ("QWR") letters[2] to Ms. Shelvin's lender as well as a bankruptcy petition. In exchange, Ms. Shelvin agreed to pay the sum of $800.00. Mr. Jefferson testified that (i) the $800.00 was for unspecified "education services"; (ii) no charges were made for the QWR letters; and (iii) no charges were made for the preparation of any bankruptcy related documents. When questioned by the Court at trial, Mr. Jefferson could identify no specific educational service that was provided to Ms. Shelvin in exchange for the $800.00 payment. The Court finds Mr. Jefferson's testimony to be, at best, disingenuous.

Ms. Shelvin borrowed the $800.00 from family members and transferred the payment to CAYA's account the following week. On December 1, 2012, the two QWR letters were sent to Ms. Shelvin by electronic mail. On December 3, 2012, Ms. Jackson sent a bankruptcy petition and other related documents to Ms. Shelvin by electronic mail. The instructions[3] from Ms. Jackson read as follows:

**PLEASE READ ALL INSTRUCTIONS BELOW!!!**

---

[1] CAYA hired Ms. Jackson as a project manager on July 27, 2011. [*Defendant Exhibit 2*].

[2] The QWR letters are form letters challenging the lender's right to proceed with a foreclosure. [*Defendant Exhibit 2*]. The letters are written without any legal or factual basis and designed only to create delay.

[3] The instructions are repeated verbatim with all typographical and other errors.

> Attached are the initial documents to be filed in the Shelvin Chapter 13 case.
>
> Please review & if no corrections are necessary, print all pages, sign and date everywhere it says, "SIGNATURE OF DEBTOR" only. On the Verification of Mail Matrix, please fill in the first bubble. Please check the top of the pages to make sure "Southern District of Texas" is at the top. If it is not, please neatly write it in. and after the client signs they will need to file the original with the Court and make one copy their your records.
>
> . . .
>
> **The clerk of the court will probably tell them there are documents missing, we know that and the rest of the documents will need to be filed within 14 days. The client will receive options regarding that process at a later time**.
>
> The filing fee is $281.00 payable in cash (**Exact Change Required**) or **Post Office Money Order**, Payable to : US Bankruptcy Court. An application to pay filing fees in payments is attached. $50 is needed to file.
>
> **After they receive their case number (Which the Clerk of the Bankruptcy Court will give them), please provide us with the case number by e-mailing us the Notice of Bankruptcy Case Filing (Which the Clerk of the Bankruptcy Court will give them).**

[*Plaintiff Exhibit 1*].

Later on that day, Ms. Jackson sent a corrected petition to Ms. Shelvin by electronic mail with instructions to "replace the previous B1 Petition with this one…" [*Plaintiff Exhibit 2*]. On December 4, 2012, Ms. Shelvin filed a *pro se* voluntary chapter 13 case. The petition makes no reference to Mr. Jefferson, Mr. Williams, Ms. Jackson, CAYA or to any assistance having been provided to Ms. Shelvin in the preparation of her bankruptcy filing.

After the initial filing, Ms. Shelvin received no additional instruction from Mr. Jefferson or CAYA. Ms. Shelvin did not file her schedules, statement of financial affairs, Form B22 or a proposed plan as required by 11 U.S.C. § 521. After notifying the Court of a problem and retaining qualified counsel, Ms. Shelvin initiated the instant adversary proceeding against Mr. Jefferson and Mr. Williams on January 8, 2013.[4] In her complaint, Ms. Shelvin seeks monetary damages for multiple violations of § 110 of the Bankruptcy Code, including the refund of the $800.00 fee and the award of attorney's fees and costs.

The Court conducted a trial in this proceeding on July 19, 2013. The Court heard testimony from both Ms. Shelvin and Mr. Jefferson. Each party offered documentary evidence in support of their respective positions. Based on the evidence adduced at trial, the Court makes the following findings of fact and conclusions of law.

---

[4] Ms. Shelvin dismissed Jervis Williams, individually and doing business as Come As You Are Community Development and CAYA Defense Network on July 17, 2013 due to the inability serve Mr. Williams with the complaint and a summons. *Notice of Voluntary Dismissal*, Docket No. 32.

## Analysis

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary is a core proceeding under 18 U.S.C. § 157. The Court has constitutional authority to enter a final judgment in this case.

*Tederal Jefferson is a Bankruptcy Petition Preparer Under 11 U.S.C. § 110.*

Section 110 of the Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). "A document for filing means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2). After considering the testimony of the parties, the Court finds that Mr. Jefferson is bankruptcy petition preparer.

Sections 110(b)-(l) of the Bankruptcy Code govern the conduct of petition preparers in bankruptcy cases. Congress added § 110 to the Bankruptcy Code in 1994 in response to abuses by non-attorneys selling their "assistance services" to unwary debtors. *In re Rodriguez*, 2007 WL 593582 *2 n.1 (W.D. Tex. 2007).

*Tederal Jefferson Violated 11 U.S.C. § 110(b).*

Mr. Jefferson and other CAYA representatives provided Ms. Shelvin with a completed voluntary petition, supporting forms, filing instructions, and procedural advice. A second petition was subsequently prepared and provided to Ms. Shelvin. In exchange, Ms. Shelvin paid Mr. Jefferson $800.00 for these services.

Section 110(b)(1) of the Bankruptcy Code requires a petition preparer to sign and print his or her name and address on all documents they prepare which are submitted to the Court. In addition, § 110(b)(2)(A) mandates that a petition preparer provide the debtor with a written notice before preparing bankruptcy documents or accepting a fee from the debtor. This notice must disclose in "simple language that a bankruptcy petition preparer is not an attorney and may not practice law." 11 U.S.C. § 110(b)(2)(B)(i). Further, the notice must be signed by both the debtor and the petition preparer. 11 U.S.C. § 110(b)(2)(B)(iii)(I). The signed notice must be filed with any documents for filing. 11 U.S.C. § 110(b)(2)(iii)(II).

Mr. Jefferson violated the provisions of 11 U.S.C. § 110(b)(1) and (b)(2). First, Ms. Shelvin's bankruptcy petition is devoid of any reference to Mr. Jefferson, Mr. Williams, Ms. Jackson or CAYA. Second, it is undisputed that Mr. Jefferson never provided any written notice to Ms. Shelvin that neither he nor anyone else involved with CAYA was an attorney and could not practice law. The Court therefore finds that Mr. Jefferson failed to comply with 11 U.S.C. § 110(b). Moreover, the Court finds the violation was intentional and made with the intent to deceive and to further a fraudulent scheme perpetrated by Mr. Jefferson.

*Tederal Jefferson Violated 11 U.S.C. § 110(c).*

Section 110(c)(1) of the Bankruptcy Code requires a petition preparer to place "an identifying number that identifies individuals who prepared the document" on a document for filing. This number must be the social security account number of the individual that prepared the document for filing. 11 U.S.C. § 110(c)(2)(A). If the bankruptcy preparer is not an individual, the identifying number must be the social security account number of the officer, partner or other responsible person of the bankruptcy preparer. 11 U.S.C. § 110(c)(2)(B).

None of the documents for filing prepared for Ms. Shelvin by Mr. Jefferson or CAYA reflect any information or identifying numbers for Mr. Jefferson, either individually or as the responsible person for CAYA, in accordance with § 110(c). The Court therefore finds that Mr. Jefferson failed to comply with 11 U.S.C. § 110(c). Moreover, the Court finds the violation was intentional and made with the intent to deceive and to further a fraudulent scheme perpetrated by Mr. Jefferson.

*Tederal Jefferson Violated 11 U.S.C. § 110(e).*

Section 110(e)(2)(A) of the Bankruptcy Code prohibits a petition preparer from rendering legal advice. Section 110(e)(2)(B) sets forth a nonexclusive list of what constitutes legal advice for purposes of § 110(e)(2)(A). Included in this list is (i) whether filing a bankruptcy case is appropriate; (ii) whether the debtor will be able to retain a home, car or other property; (iii) advising the debtor on the procedures and rights of a debtor in bankruptcy. 11 U.S.C. § 110(e)(2)(B).

Mr. Jefferson maintains that he never gave legal advice, only educational instruction. Included in this educational instruction were the mechanics of the Real Estate Settlement Procedure Act ("RESPA"), means to forestall foreclosure and bankruptcy procedures. Mr. Jefferson cannot hide the unauthorized practice of law in the rubric of education. Mr. Jefferson's actions in dealing with Ms. Shelvin and other members of the public reflect a carefully crafted scheme to take advantage of a segment of our society facing the loss of their homes with no perceived alternatives. Mr. Jefferson preys on the despondent hopes of those that have lost everything. Such is the mindset of the proverbial "snake-oil salesman." The Court concludes that Mr. Jefferson violated 11 U.S.C. § 110(e). Moreover, the Court finds the violation was intentional and made with the intent to deceive and to further a fraudulent scheme perpetrated by Mr. Jefferson.

*Tederal Jefferson Violated 11 U.S.C. § 110(f).*

Section 110(f) of the Bankruptcy Code prohibits a petition preparer from using the word "legal" or "*any* similar term in *any* advertisement . . . ." 11 U.S.C. § 110(f) (emphasis added). The underlying purpose of § 110 is to protect debtors who may be "ignorant of their rights both inside and outside the bankruptcy system." *In re Gomez*, 259 B.R. 379, 385 (Bankr. D. Colo. 2001); *In re Farness*, 244 B.R. 464, 467-68 (Bankr. D. Idaho 2000). Put practically, the statute's intent is to ensure that "debtors understand exactly what they will and will not receive from petition preparers." *Id.*

In this case, the marketing materials used by Mr. Jefferson state that "[w]e use the *law* to educate" in large, bold typeface.  These materials go on to provide that CAYA's "experienced team will make sure your foreclosure is *legal*" and that clients must "[f]ight to force a [p]rincipal [r]eduction or [e]limination of the [m]ortgage . . . [through] *legal* action."  *See In re Howard*, 351 B.R. 371, 380 (Bankr. W.D. La. 2005) (noting that 11 U.S.C. § 110(f) is a strict liability provision and citing *In re Gomez*, 259 B.R. at 385).  The intent and impact of these statements is unmistakable.  The Court finds that Mr. Jefferson violated 11 U.S.C. § 110(f).  Moreover, the Court finds the violation was intentional and made with the intent to deceive and to further a fraudulent scheme perpetrated by Mr. Jefferson.

*Tederal Jefferson Violated 11 U.S.C. § 110(h).*

Section 110(h)(2) of the Bankruptcy Code requires a petition preparer to file a sworn declaration with a debtor's petition setting forth "any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case and any unpaid fee charged to the debtor."  No such declaration was ever filed in Ms. Shelvin's bankruptcy case.  Mr. Jefferson violated 11 U.S.C. § 110(h).  Moreover, the Court finds the violation was intentional and made with the intent to deceive and to further a fraudulent scheme perpetrated by Mr. Jefferson.

## **Remedies**

Once the Court finds the existence of a violation by a petition preparer under § 110 or that a petition preparer has committed a fraudulent, unfair or deceptive act, it must order the petition preparer to pay to the Debtor the sum of (i) the debtor's actual damages; (ii) the greater of $2,000 or twice the amount paid by the debtor to the petition preparer; and (iii) reasonable attorney's fees.  11 U.S.C. § 110(i)(1).  As set forth above, the Court has determined that Mr. Jefferson has committed or caused to be committed multiple violations of 11 U.S.C. § 110.  The Court has further determined that these violations were intentional and part of a fraudulent scheme to deceive.  The Court therefore must order the payment of the amounts proscribed by 11 U.S.C. § 110(i).

In her testimony, Ms. Shelvin identified damages attributable to Mr. Jefferson's actions resulting from lost income and actual expenses in the amount of $550.00.  While Ms. Shelvin also testified regarding the stress and emotional strife suffered as a result of Mr. Jefferson's actions, the testimony is insufficient to support a damage award.  Added to the amount of actual damages is the sum of $2,000 under 11 U.S.C. § 100(i)(1)(B) for a total of $2,550.00.  This amount shall be paid within 14 days.  The Court also finds that the Debtor is entitled to recover her reasonable attorney's fees in moving for damages under 11 U.S.C. § 110.  Accordingly, the Debtor shall file and serve on Mr. Jefferson a bill of costs setting forth in detail the requested attorney's fees and expenses within 10 days of the entry date of the judgment in this adversary proceeding.  If no objection is filed by Mr. Jefferson within 7 days thereafter, the requested fees and expenses will be deemed reasonable and allowed.  If Mr. Jefferson files an objection specifically identifying (i) the time entries and expenses to which he objects; and (ii) the basis for the objection, the Court will set a further hearing to determine the amount of the award.  Once the amount of attorney fees and expenses is determined, the amount shall be paid within 14 days

thereafter. The failure to timely pay all amounts awarded hereunder may result in the grant of additional relief under 11 U.S.C. § 110(j)(2) and (3) and other applicable law upon the filing of a subsequent motion.

In addition, the Court may impose a fine against a petition preparer that fails to comply with any provision of 11 U.S.C. § 110(b), (c), (d), (e), (f), (g) or (h). 11 U.S.C. § 110(l). The fine shall not exceed $500 per failure. 11 U.S.C. § 110(l)(1). The Court must triple the fine in any case in which the Court finds that the petition preparer prepared documents for filing "in a manner that failed to disclose the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(l)(2)(D). Any fine that is imposed is to be paid to the United States Trustee in this district. 11 U.S.C. § 110(1)(4)(A).

The Court has identified a minimum of six violations of 11 U.S.C. § 110. The Court finds that the maximum fine of $500 per violation should be imposed for each violation under the circumstances in this case. *See In re Bradshaw*, 233 B.R. 315 (Bankr. D.N.J. 1999) (holding that a $500 fine was appropriate based on similar conduct by defendants and noting that numerous cases warranted the maximum fine on less egregious circumstances). Having determined that Mr. Jefferson prepared or caused to be prepared documents for filing in Ms. Shelvin's bankruptcy case that failed to disclose his identity, the fine is tripled. Accordingly, Mr. Jefferson is order to pay the sum of $9,000.00 (6 X $500.00 X 3) to the United States Trustee for the Southern District of Texas within 14 days. The United States Trustee shall file a certificate of compliance or seek additional relief within 21 days.

The Court is aware that similar proceedings are pending against Mr. Jefferson in the Northern District of Texas. The existence of these proceedings only strengthens the Court's conviction that Mr. Jefferson's illicit activities extend far beyond this district and impact the lives of many unsuspecting and frightened debtors. The Court therefore directs the United States Trustee for the Southern District of Texas to transmit a copy of this memorandum opinion and the accompanying judgment to the United States Trustee for the Northern District of Texas and to the Texas Attorney General in the hope that this type of behavior can be stopped and the citizens of this state protected.

A separate judgment consistent with the foregoing will issue.

**SIGNED: October 4, 2013.**

_____
**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**